THOS. B. JARNIGAN *et al. v.* WM. E. LEVISY.

COVENANT TO CONVEY BY WIFE. *When a nullity.* While it has been repeatedly held that the wife is not bound by her covenant to convey, yet if she execute a bond for title to real estate, and is willing and offers to convey, the purchaser will not be relieved.

FROM PUTNAM.

Appeal from the Chancery Court at Cookville. W. G. CROWLEY, Ch.

H. DENTON for complainants.

E. L. GARDENHIRE and R. A. COX for defendant.

FREEMAN, J., delivered the opinion of the court.

The case stands before us on about the following state of facts:

In 1864, Thos. B. Jarnigan and wife sold a tract of land to Levisy for six hundred dollars in cash, balance in five annual instalments, giving him a bond for title to said land. The land was land received by the wife from her father's estate, consequently it was necessary she should join in the conveyance. The two first notes were paid, and fifty dollars on the third note.

In 1870, part of the purchase money being due, Jarnigan and wife and Denning Jarnigan, assignee of one note for the purchase money, filed their bill to enforce the vendor's lien, and sell the land for the satisfaction of their debt.

Levisy filed an answer, which was afterwards agreed should be treated as a cross-bill.

The defenses set up in this answer were, that the wife had not been privily examined touching her execution of the title-bond, therefore he ought not to pay balance due until they should either make him a title or put themselves in condition to be legally forced so to do, to use the language of the bill. It was further insisted that Levisy had been at some expense in defending and compromising an adverse suit claiming part of the land, and had been advised

to compromise by Jarnigan, which he had done. It was also claimed that no interest should be chargeable on balance of purchase money, because an offer had been made to pay it if title was made. A small part of the land is also alleged to have been lost, and a reduction of the price to this extent is sought. There was, however, no prayer for a rescission.

Upon these issues the case was heard March, 1874. But at September term, 1873, on motion of respondent to dismiss the bill because the wife had not been privily examined as to her execution of the title-bond, the chancellor caused the wife to come before him and he privily examined her and took her acknowledgment of the bond, and the complainants were allowed to amend their bill so as to show the fact of such examination.

In the answer of Jarnigan and wife to the cross-bill, they offer to convey in any manner desired so as to perfect the title.

On the hearing in 1874, the court decreed complainants entitled to a sale of the land, ascertained the debt, and ordered the sale, unless the purchase money was paid in a time fixed. The clerk proceeded to sell the land, which was done, the sale reported and confirmed at the September term, 1875. Complainants in the original bill purchased for $350, and paid the costs. The title was divested out of the wife, as well as the respondent, and vested in these purchasers. On the balance of the debt a decree was rendered against Levisy and execution ordered. From this and the former decrees an appeal was prayed and perfected

by taking the pauper oath. The record was filed January 7, 1876.

On the 3d of August, 1874, Levisy filed what is styled a bill of review, enjoining the sale of the land by the master. This injunction seems to have been so modified as to allow the sale to proceed, as we have stated. This bill states fully the pleadings and decree made in the former case, and then goes on to insist upon the precise matters of defense set up in the former answer—among other things, that he is entitled to be reimbursed for the lost land, &c. The only matters urged against said decree independent of these, are, that he ought not to have been charged with interest on the purchase money, and that there was an erroneous ascertainment of the amount due on the notes.

We need but say, that the errors of calculation merely might be corrected, upon application to the court by motion or petition, and are not fit matter for a bill of review.

The chancellor reversed and vacated the former decree, on the ground that complainants were not bound by the title-bond of the wife, and this contract was void.

In this we think he erred. While we have repeatedly held that the wife could not bind herself by a title-bond, nor such an obligation be enforced against her, yet, this is where the defense has been interposed in her own behalf.

In this case, while there were irregularities, still the complainants having the legal title, being before

Jarnigan *r*. Levisy.

the court, and offering to complete it in any way desired, a complete title could thus be made, either by divesting the title and vesting it in the purchaser, or directing a deed to be made effectual to pass the title of the wife. No fraud is pretended—the contract fair and mutually understood between the parties. In this view, the decree of the chancellor vacating the original decree, is erroneous and must be reversed.

As to the former decree, we see no error in it. The chancellor could require a perfect title to be made, and there was no difficulty in the respondent getting precisely what he had bargained for; and when this is done he has no right to complain.

The result is, the decree in the original cause is affirmed, and on the so-called bill of review is reversed. The costs in both cases will be decreed against Levisy.